Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001361
31-JAN-2017
08:04 AM

(

NO. CAAP-14-0001361

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KAINOA H. KAHELE-BISHOP, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 14-1-047K)

MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Kainoa H. Kahele-Bishop (Kahele-Bishop) appeals from the "Judgment of Conviction and Sentence" entered on November 25, 2014, in the Circuit Court of the Third Circuit[1] (Circuit Court), convicting him of Robbery in the First Degree in violation of Hawaii Revised Statutes (HRS) § 708-840(1)(b) (2014) (Robbery) (Count 1), Unauthorized Entry into Motor Vehicle in the First Degree in violation of HRS § 708-836.5(1) (2014) (UEMV) (Count 2), and Theft in the Second degree in violation of HRS § 708-831(1)(b) (2014) (Theft Second) (Count 3).

On appeal, Kahele-Bishop contends that (1) the Circuit Court erred in failing to instruct the jury on merger of the Robbery and Theft Second counts; (2) the Circuit Court erred in giving an unresponsive answer to the jury's question; (3) the complaint filed by Plaintiff-Appellee State of Hawai'i (State) was deficient; and (4) the State failed to prove beyond a reasonable doubt that the value of the items that Kahele-Bishop allegedly stole exceeded $300.

---

[1] The Honorable Ronald Ibarra presided.

DISCUSSION

I. Merger Instruction

Kahele-Bishop argues that the Circuit Court's failure to instruct the jury regarding merger of the Robbery and Theft Second counts amounts to reversible error as there was a reasonable possibility that the jury's verdict led to two convictions for the same conduct.

HRS § 701-109(1)(e) (2014)[2] "interposes a constraint on multiple convictions arising from the same criminal conduct[,]" State v. Matias, 102 Hawai'i 300, 305, 75 P.3d 1191, 1196 (2003), and "reflects a policy to limit the possibility of multiple convictions and extended sentences when the defendant has basically engaged in only one course of criminal conduct directed at one criminal goal." Id. (citation, brackets, and internal quotation marks omitted). In general,

> [w]hether a course of conduct gives rise to more than one crime within the meaning of HRS § 701-109(1)(e) depends in part on the intent and objective of the defendant. The test to determine whether the defendant intended to commit more than one offense is whether the evidence discloses one general intent or discloses separate and distinct intents. Where there is one intention, one general impulse, and one plan, there is but one offense. All factual issues involved in this determination must be decided by the trier of fact.

Id. (brackets and emphasis omitted) (quoting State v. Hoey, 77 Hawai'i 17, 27 n.9, 881 P.2d 504, 514 n.9 (1994)). Thus, if there is a possibility that two counts in a complaint are "grounded in 'the same conduct,'" HRS § 701-109(1) mandates, "at a minimum, that the circuit court instruct the jury regarding

---

[2] HRS § 701-109(1)(e) provides:

> §701-109 Method of prosecution when conduct establishes an element of more than one offense. (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:
>
> . . . .
>
> (e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

merger." <u>State v. Frisbee</u>, 114 Hawai'i 76, 80, 156 P.3d 1182, 1186 (2007).

The record before us indicates the complaining witness (CW) was parked on the shoulder of South Point Road, when a white car pulled in front of her 1995 purple Corvette. CW identified Kahele-Bishop as the driver of the car and testified that a female passenger (Female) exited the car from the passenger side, raised a hatchet, and told CW to leave her Corvette. CW testified that the Female lunged at her and swung the hatchet, but that CW disarmed the Female and flung the hatchet into the nearby bushes. CW testified that the Female then entered the driver's side of CW's Corvette and tried to take the Corvette using the keys that were still in the car. As CW struggled to prevent the Female from stealing her Corvette, Kahele-Bishop ran to the passenger side of the Corvette, looked through CW's bag "real quickly," took CW's bag, and then drove off in his car.

The jury convicted Kahele-Bishop of both Robbery and Theft Second.

HRS § 708-840(1)(b) provides:

> **§708-840 Robbery in the first degree.** (1) A person commits the offense of robbery in the first degree if, <u>in the course of committing theft or non-consensual taking of a motor vehicle</u>:
>
> . . . .
>
> (b)   The person is armed with a dangerous instrument or a simulated firearm and:
>
>> (i)   The person uses force against the person of anyone present with intent to overcome that person's physical resistance or physical power of resistance; or
>>
>> (ii)  The person threatens the imminent use of force against the person of anyone present with intent to compel acquiescence to the taking of or escaping with the property[.]

(Emphasis added.)

HRS § 708-831(1)(b) provides:

> **§708-831 Theft in the second degree.** (1) A person commits the offense of theft in the second degree if the person commits <u>theft . . . (b) Of property or services the value of which exceeds $300</u>.

(Emphasis added and format altered.) A person commits a "theft" if he or she "obtains or exerts unauthorized control over the property of another with intent to deprive the other of the property." HRS § 708-830(1) (2014). "Theft, regardless of degree, is an included offense of first degree robbery." State v. French, 104 Hawai'i 89, 93, 85 P.3d 196, 200 (App. 2004) (citing State v. Vinge, 81 Hawai'i 309, 319, 916 P.2d 1210, 1220 (1996)).

Based on the evidence presented, the jury could have found that Kahele-Bishop's involvement amounted to both Robbery and Theft Second[3] or that his actions were part of a single intent and plan. The question of whether Kahele-Bishop's involvement constituted two "separate and distinct culpable acts" or one "uninterrupted continuous course of action" should have been submitted to the jury to decide. See Matias, 102 Hawai'i at 306, 75 P.3d at 1197 (citation and internal quotation marks omitted). The Circuit Court's jury instructions, which omitted any instruction regarding the possible merger of the Robbery and Theft Second charges, were prejudicially insufficient and, therefore, plainly erroneous.[4] See id. at 306, 75 P.3d at 1197.

## II. Sufficiency of Charge

Kahele-Bishop argues for the first time on appeal that the State's complaint was insufficient because (1) the charge of UEMV failed to describe the vehicle entered without authority and to name the owner of the vehicle; and (2) the Theft Second charge failed to allege the requisite state of mind for each element of the offense.

---

[3]     We note that the record does not indicate whether the jury found Kahele-Bishop guilty of Robbery based on the attendant circumstance that Kahele-Bishop, as a principal or accomplice, used or threatened the use of force "in the course of committing theft" or whether Kahele-Bishop, as a principal or accomplice, used or threatened the use of force "in the course of committing . . . [a] non-consensual taking of a motor vehicle[.]" HRS § 708-840(1); see also HRS § 708-842 (2014) (stating that an act is deemed to be "in the course of committing a theft or non-consensual taking of a motor vehicle" if, inter alia, "it occurs in an attempt to commit theft or non-consensual taking of a motor vehicle").

[4]     Because we vacate and remand this case for failure to provide the jury with a merger instruction, we need not address Kahele-Bishop's argument that the circuit court's answer to the jury question was also prejudicial.

> Under the "Motta/Wells[5] post-conviction liberal construction rule," we liberally construe charges challenged for the first time on appeal. Under this approach, there is a "presumption of validity," for charges challenged subsequent to a conviction. In those circumstances, this court will "not reverse a conviction based upon a defective indictment or complaint unless the defendant can show prejudice or that the indictment or complaint cannot within reason be construed to charge a crime." However, the rule does not apply when reviewing timely motions challenging the sufficiency of an indictment.

State v. Wheeler, 121 Hawai'i 383, 399-400, 219 P.3d 1170, 1186-87 (2009) (internal citations and brackets omitted). Because Kahele-Bishop challenges the sufficiency of the complaint for the first time on appeal, we employ the Motta/Wells post-conviction liberal construction rule in our review of the State's complaint. See State v. Maharaj, 131 Hawai'i 215, 218-19, 317 P.3d 659, 662-63 (2013) (applying the liberal construction standard where the defendant challenged the sufficiency of the complaint for the first time on appeal). Under this approach, the charge is presumed valid. State v. Sprattling, 99 Hawai'i 312, 318, 55 P.3d 276, 282 (2002) ("in Motta this court adopted a rule . . . which essentially prescribes a presumption of validity on indictments that are challenged subsequent to a conviction.").

Kahele-Bishop does not argue, nor does the record support, that he was prejudiced by the language employed in the complaint. See Motta, 66 Haw. at 91, 657 P.2d 1020. Therefore, we turn our attention to whether the complaint cannot, within reason, be construed to charge a crime. See id.

A.    Count 2--UEMV

In Count 2, the complaint against Kahele-Bishop charged, in relevant part:

COUNT 2 (C14002514)

> On or about the 26th day of January, 2014, in the County and State of Hawai'i, KAINOA H. KAHELE-BISHOP, as a principal and/or accomplice, intentionally and/or knowingly entered and/or remained unlawfully in a motor vehicle; without being invited, licensed, and/or otherwise authorized to enter and/or remain within the vehicle, with the intent to commit theft and/or assault, a crime against a person and/or property rights, thereby committing the offense of Unauthorized Entry into Motor Vehicle in the First Degree, in violation of [HRS § 708-836.5(1) (2014)] as amended.

---

5    State v. Motta, 66 Haw. 89, 657 P.2d 1019 (1983) and State v. Wells, 78 Hawai'i 373, 894 P.2d 70 (1995).

5

Kahele-Bishop argues that due process required that the State include the name of the owner of the vehicle and the "vehicle's make, model, year, color, license plate number, or VIN number" in the charge. "[T]he sufficiency of the charging instrument is measured, <u>inter alia</u>, by 'whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he or she must be prepared to meet.'" <u>Wheeler</u>, 121 Hawai'i at 391, 219 P.3d at 1178 (2009) (brackets omitted) (quoting <u>State v. Merino</u>, 81 Hawai'i 198, 212, 915 P.2d 672, 686 (1996)).

> [A] charge not only serves the function of establishing the jurisdiction of the court, but also "informs the defendant of the nature and cause of the accusation" against him or her, Haw. Const. [a]rt. I § 14, and provides the defendant with notice for purposes of due process, Haw. Const. [a]rt. I § 5 ("No person shall be deprived of life, liberty or property without due process of law.").

<u>State v. Nesmith</u>, 127 Hawai'i 48, 65, 276 P.3d 617, 634 (2012) (brackets in original omitted).

Generally, "where the statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute is sufficient." <u>Wheeler</u>, 121 Hawai'i at 393, 219 P.3d at 1180 (brackets omitted) (quoting <u>State v. Jendrusch</u>, 58 Haw. 279, 282, 567 P.2d 1242, 1245 (1977)).

HRS § 708-836.5 provides:

> **§708-836.5 Unauthorized entry into a motor vehicle in the first degree.** (1) A person commits the offense of unauthorized entry into motor vehicle in the first degree if the person intentionally or knowingly enters or remains unlawfully in a motor vehicle, without being invited, licensed, or otherwise authorized to enter or remain within the vehicle, with the intent to commit a crime against a person or against property rights.
>
> (2) Unauthorized entry into motor vehicle in the first degree is a class C felony.

Contrary to Kahele-Bishop's argument on appeal, the State was not required to prove who owned the vehicle allegedly entered into or the make/model of the vehicle in order to convict Kahele-Bishop of first degree unauthorized entry into a motor vehicle. <u>See</u> HRS § 708-836.5; <u>see cf. State v. Nases</u>, 65 Haw.

217, 218, 649 P.2d 1138, 1139-40 (1982) ("The particular ownership of the property in question was not an essential element in proving the crime [of theft in the third degree] and there is no fatal variance between the charge and the proof."). Therefore, the State's charge was legally sufficient because HRS § 708-836.5, from which the language of the charge is drawn, sets forth all the essential elements of the offense. See Wheeler, 121 Hawai'i at 393, 219 P.3d at 1180.

### B. Count 3--Theft Second

Kahele-Bishop challenges the sufficiency of the Theft Second charge, arguing that the complaint's single mention of "intent to deprive" was not sufficient to apprise Kahele-Bishop of the state of mind for the offense.
Kahele-Bishop was charged, in Count 3 as follows:

COUNT 3 (C14002515)

On or about the 26th day of January, 2014, in the County and State of Hawai'i, KAINOA H. KAHELE-BISHOP, as a principal and/or accomplice, obtained and/or exerted unauthorized control over the property of another, a bag and/or laptop computer and/or cell phone and/or wallet and/or U.S. currency and/or credit card(s) belonging to [CW], the value of which exceeded $300.00, with intent to deprive [CW] of the property, thereby committing the offense of Theft in the Second Degree, in violation of [HRS §§ 708-830(1) and 708-831 (1)(b) (2014)], as amended.

The Hawai'i Supreme Court has held: "A charge that fails to charge a requisite state of mind cannot be construed reasonably to state an offense and thus the charge is dismissed without prejudice because it violates due process." State v. Apollonio, 130 Hawai'i 353, 359, 311 P.3d 676, 682 (2013) (citing State v. Elliott, 77 Hawai'i 309, 313, 884 P.2d 372, 376 (1994)). Thus, "state of mind requirements, though not an element of an offense[, are] required to be included in the charges against the defendants in order to alert the defendants of precisely what they need[] to defend against to avoid a conviction." State v. Gonzalez, 128 Hawai'i 314, 324, 288 P.3d 788, 798 (2012) (quoting Nesmith, 127 Hawai'i at 56, 276 P.3d at 625).

Kahele-Bishop was charged and convicted of theft in the second degree, pursuant to HRS § 708-831(1)(b). In State v.

Mitchell, 88 Hawaiʻi 216, 965 P.2d 149 (App. 1998), this court held that

> [t]he material elements of theft in the second degree are . . . that the defendant <u>intended</u> to:  (1) obtain or exert unauthorized control over the property of another, HRS § 708-830(1);  (2) deprive the other of his or her property, <u>id.</u>; and (3) deprive another of property that exceeds $300 in value (valuation element).  HRS § 708-831(1)(b).

Mitchell, 88 Hawaiʻi at 222, 965 P.2d at 155.  "Pursuant to HRS § 702-207 [(2014)[6]], the state of mind of 'intent' applies to each material element of the offense."  <u>Id.</u>  "The State must prove each of these elements beyond a reasonable doubt in order to make a prima facie showing of theft."  <u>Id.</u> (citing HRS § 701-114 (2014)[7]; <u>see</u> <u>State v. Cabrera</u>, 90 Hawaiʻi 359, 366-69, 978 P.2d 797, 804-07 (1999) (adopting the analysis in <u>Mitchell</u> and holding that "the 'intentional' state of mind attaches to all of the elements of the offense [of theft in the second degree], including the attendant circumstance of the value of the property taken").

Here, the language of the charge sufficiently conveyed the requisite state of mind as to all the elements.  The charge specified the items Kahele-Bishop was alleged to have taken and that "the value of which exceeded $300," that he "obtained and/or

---

[6]     HRS § 702-207 provides:

> **§702-207 Specified state of mind applies to all elements.**  When the definition of an offense specifies the state of mind sufficient for the commission of that offense, without distinguishing among the elements thereof, the specified state of mind shall apply to all elements of the offense, unless a contrary purpose plainly appears.

[7]     HRS § 701-114 provides in relevant part:

> **§701-114 Proof beyond a reasonable doubt.**  (1) Except as otherwise provided in section 701-115, no person may be convicted of an offense unless the following are proved beyond a reasonable doubt:
>
> (a)     Each element of the offense;
>
> (b)     The state of mind required to establish each element of the offense;
>
> (c)     Facts establishing jurisdiction;
>
> (d)     Facts establishing venue; and
>
> (e)     Facts establishing that the offense was committed within the time period specified in section 701-108.

exerted unauthorized control over the property[,]" "with the intent to deprive [CW] of the property[.]" Given the presumption of validity of the relaxed Motta/Wells standard, we conclude that the charge adequately informed Kahele-Bishop of the offense.

## III. Sufficiency of Evidence

Kahele-Bishop also argues the State failed to prove beyond a reasonable doubt that the value of the items he allegedly stole exceeded $300. Initially, we note that Kahele-Bishop did not challenge the evidence in support of the Theft Second charge below.[8] Nevertheless, we review the sufficiency of the evidence for plain error. State v. Rodrigues, 6 Haw. App. 580, 733 P.2d 1222 (1987).

> The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." 'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998) (formatting altered, citations and internal quotation marks omitted). To this we would add that, "evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction." Id.

HRS § 708-801(1) (2014) provides that, "[e]xcept as otherwise specified in this section, value means the market value of the property or services at the time and place of the offense, or the replacement cost if the market value of the property or services cannot be determined." CW testified during the State's examination that Kahele-Bishop took a bag from her car that held her Acer laptop, cell phone, and a wallet holding her credit cards and money. She also testified that she purchased the Acer laptop and cell phone herself. When the deputy prosecutor asked, "And the items . . . purchased that were located within this bag, was that worth more than $300?" CW answered, "Yes, it was."

---

[8] Indeed, his counsel argued that he was guilty of Theft Second. ("I said from the beginning of this trial, too, that you should find him guilty of theft, because he actually grabbed something, there's a little dispute about what he grabbed; nevertheless he grabbed something. He went into [CW's] vehicle and he grabbed it.")

Kahele-Bishop's counsel did not object to the deputy prosecutor's question during trial nor does he challenge the admissibility of CW's statement on appeal.[9]

Therefore, the evidence before us was sufficient to prove that the items Kahele-Bishop allegedly stole from CW was worth more than $300. See State v. Thorp, 134 Hawai'i 116, 334 P.3d 779, No. CAAP-13-0000414, 2014 WL 4914623 at *1 (App. Sept. 30, 2014) (SDO) (holding that the record contained sufficient evidence to support defendant's conviction for theft in the second degree and "reject[ing defendant's] argument that the State was required to call an expert appraiser to establish value" of property).

## CONCLUSION

The "Judgment of Conviction and Sentence" entered on November 25, 2014, in the Circuit Court of the Third Circuit is affirmed in part and vacated in part. The conviction and sentence for Unauthorized Entry into a Motor Vehicle in the First Degree is affirmed. The judgment entered on Counts 1 and 3 is vacated and the case is remanded to the Circuit Court. Within thirty days after entry of the judgment on appeal, the State shall notify the Circuit Court of its election between (1) dismissal of Count 1 or Count 3 or (2) retrial of Counts 1 and 3 with a proper merger instruction.

DATED: Honolulu, Hawai'i, January 31, 2017.

On the briefs:

John Knoebber,
for Defendant-Appellant.

Dale Yamada Ross,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[9] CW's testimony is consistent with the testimony of Hawai'i County Police Officer Sean Smith, who stated that during his investigation he discovered that the laptop CW reported stolen had a value of "$291 and change," although he testified that he could not recall what the change was.